IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| MARVIN RALPH ARENSDORF, | ) | |
| | ) | CASE NO. BK07-41844-TLS |
| Debtor(s). | ) | A08-4049-TLS |
| PHILIP M. KELLY, Chapter 7 Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | CH. 7 |
| | ) | |
| vs. | ) | |
| | ) | |
| REC, INC.; M. DEAN KURTH; | ) | |
| CHERYL KURTH; and BETTY KURTH, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the court on the Chapter 7 trustee's motion for summary judgment (Fil. #29) and resistance by REC, Inc. (Fil. #35). Philip M. Kelly represents himself as trustee, and Timothy P. Brouillette represents REC, Inc., and the Kurth defendants. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

In 1996, Marvin Arensdorf and M. Dean Kurth formed REC, Inc., to purchase a recycling business in North Platte, Nebraska. They each held 50 percent of the corporate stock. Mr. Arensdorf filed a Chapter 7 bankruptcy petition on October 1, 2007, and Mr. Kelly was appointed as trustee for the case. In November 2007, Mr. Kurth arranged to purchase the debtor's shares of REC stock for $26,000. Three days prior to purchasing the debtor's stock, Mr. Kurth entered into an agreement to sell the business to a third party for $380,000. This specific information was not disclosed to the debtor, nor was the trustee aware of any part of the transaction. The trustee alleges that Mr. Kurth breached his fiduciary duty to the corporation and to Mr. Arensdorf, and by his actions lessened the value of the bankruptcy estate. The trustee seeks to avoid the transfer of Mr. Arensdorf's stock interest and to recover assets for the benefit of the estate.

Mr. Kurth testified in a deposition that Mr. Arensdorf had not been involved in the business since mid-1998. Mr. Kurth had operated the business since that time. When Mr. Kurth approached him in June 2007 about wanting to sell the business, Mr. Arensdorf allegedly asked only to be repaid his initial investment of $25,000 or $26,000.

The trustee has moved for summary judgment on the issue of the contract for purchase of the debtor's stock. If that transfer is avoided under 11 U.S.C. § 549 and the trustee recovers the stock, he then intends to pursue the debtor's portion of the proceeds of the sale of the business.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Aviation Charter, Inc. v. Aviation Research Group/US*, 416 F.3d 864, 868 (8th Cir. 2005); *Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.)*, 371 F.3d 397, 401 (8th Cir. 2004); *Williams v. Marlar (In re Marlar)*, 267 F.3d 749, 755 (8th Cir. 2001). To withstand a motion for summary judgment, the nonmoving party must submit "sufficient evidence supporting a material factual dispute that would require resolution by a trier of fact." *Austin v. Minnesota Mining & Mfg. Co.*, 193 F.3d 992, 994 (8th Cir. 1999) (quoting *Hase v. Missouri Div. of Employment Sec.*, 972 F.2d 893, 895 (8th Cir. 1992), *cert. denied*, 508 U.S. 906 (1993)).

Section 549 of the Bankruptcy Code authorizes the trustee to avoid any "transfer of property of the estate . . . that occurs after the commencement of the case and . . . that is not authorized under this title or by the court." *Snyder v. Dewoskin (In re Mahendra)*, 131 F.3d 750, 755 (8th Cir. 1997); *Youngblut v. Pepmeyer (In re Pepmeyer)*, 275 B.R. 539, 543 (Bankr. N.D. Iowa 2002). To the extent the transfer is avoided, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from the transferee. § 550(a)(1); *Huisinga v. Greater Quad City Auto Auction (In re Hocken)*, 360 B.R. 282, 285 (Bankr. N.D. Iowa 2007).

The avoidance of an unauthorized post-petition transfer is a straightforward matter. The trustee's evidence establishes that the purchase agreement for the stock was signed on November 24, 2007, which was several weeks after the debtor filed his bankruptcy petition and listed his investment in the company as an asset. The court did not authorize the sale of the asset. Therefore, the purported sale of the debtor's stock in REC, Inc., should be avoided and the parties returned to the positions they were in immediately prior to the transfer. The parties may then go forward with this adversary proceeding to determine the value of the asset for the bankruptcy estate.

IT IS ORDERED: The Chapter 7 trustee's motion for summary judgment (Fil. #29) is granted. The sale of the debtor's stock in REC, Inc., to M. Dean Kurth is avoided. This is not a final appealable order. Entry of judgment at the conclusion of the case will constitute a final order for appeal purposes.

DATED: January 8, 2009.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Philip M. Kelley    Timothy P. Brouillette
    U.S. Trustee
Movant (*) is responsible for giving notice to other parties if required by rule or statute.